229 F.2d 645
 UNITED STATES of America FOR the Benefit and on Behalf of
Harry SHERMAN, Chas. Robinson, Ronald D. Wright, Stuart
Scofield, Lee Lalor, William Ames, Ernest Clements, Carl
Lawrence, Gordon Pollock and Harold Sjoberg, as Trustees of
the Laborers Health and Welfare Trust Fund for Northern
California, Appellants,
v.
Donald G. CARTER, Individually; Donald G. Carter, Doing
Business as Carter Construction Company, Carter
Construction Company and Hartford
Accident and Indemnity Co., Appellees.
 No. 14703.
 United States Court of Appeals Ninth Circuit.
 Jan. 10, 1956.
 
 1
 Charles P. Scully, Gardiner Johnson, Thomas E. Stanton, Jr., Johnson & Stanton, San Francisco, Cal., for appellants.
 
 
 2
 Dinkelspiel & Dinkelspiel, Robert J. Drewes, San Francisco, Cal., for appellees.
 
 
 3
 Before HEALY and LEMMON, Circuit Judges, and BYRNE, District Judge.
 
 
 4
 BYRNE, District Judge.
 
 
 5
 Appellants filed suit on a bond furnished by Carter, as contractor, and executed by Hartford Accident and Indemnity Company, as surety, pursuant to the provisions of the Miller Act, 40 U.S.C.A. § 270a et seq., to recover health and welfare contributions alleged to be due on account of labor performed on public work of the United States. The District Court granted Hartford's motion for summary judgment and this appeal followed.
 
 
 6
 The material facts which are not in dispute may be summarized as follows: Carter as general contractor entered into two written contracts with the United States of America for the construction of certain buildings at Travis Air Force Base and Mather Field in California. Under the terms of the contracts Carter was required to furnish the materials and pay the labor at wage rates set forth in the specifications which were a part of the contracts. Under the terms of the bond Hartford was obliged to make these payments in the event Carter defaulted. During the critical period with which we are concerned, there was in existence a collective bargaining agreement entered into between an employers' organization, of which Carter was a member, and an employees' organization of which the laborers employed by Carter were members. Pursuant to this agreement Carter was obligated to pay into a 'Health and Welfare Fund' the sum of seven and one-half cents per hour for each hour worked by laborers employed by him. Carter paid in full the wage rates required under the terms of the contracts, but did not make the contributions to the Fund as he was obliged to do under the collective bargaining agreement. Following this default Carter became a bankrupt and the trustees of the Fund are here seeking recovery of the delinquent health and welfare contributions from the surety.
 
 
 7
 The question for decision is whether the surety is liable under its bond for the delinquent health and welfare contributions. Not only is this a question of first impression, but there is a dearth of cases involving analogous questions. Appellants rely upon Sherman v. Achterman decided by the Appellate Department of the California Superior Court and unreported. As noted by the Court in that case, it was an action upon a bond required by a state statute and is clearly distinguishable from a case involving a Miller Act bond.
 
 
 8
 The Miller Act, § 270a of Title 40 U.S.C.A., requires that before any contract exceeding $2,000 for the construction of a public work of the United States is awarded to any person, such person must furnish to the United States a payment bond for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract. Section 270b of the Act provides that every person who has furnished labor or material in the prosecution of the work and who has not been paid in full therefor shall have the right to sue on such payment bond for the sum due him.
 
 
 9
 It is at once apparent that recovery on a Miller Act bond is limited to persons who have 'furnished labor or material in the prosecution of the work provided for in such contract'. There is no contention that these appellants who were plaintiffs below furnished labor or material in the prosecution of the work provided for in said contracts, but they contend that the Miller Act is to be liberally construed and that in so construing it we should disregard the plain requirement of the Act.
 
 
 10
 The appellants argue that the payments which the contractor agreed to make to them were a part of the consideration and compensation for the labor which was performed on the contracts. It is true that the agreed contributions were measured by the amount of labor performed on the projects and it might even be said that the agreement to make the contributions was a part of the consideration for the contract between the contractor and the Union, but that is not the test for recovery here. Recovery can be had on a Miller Act bond only by a 'person who has furnished labor or material' and recovery is limited to 'sums justly due' such persons. The agreement between the Associated General Contractors and the Union specifically provides that contributions to the Fund shall not constitute or be deemed to be wages due to the employees with respect to whose work such payments are made, and no employee shall be entitled to receive any part of the contributions made or required to be made.
 
 
 11
 The appellants are not persons who furnished labor or materials and therefor may not maintain an action for recovery on the bond. Even if we were to assume that they were authorized to maintain the action for and on behalf of persons who furnished labor, recovery could not be had because the delinquent payments sought to be recovered are not 'sums justly due' the persons who furnished the labor.
 
 
 12
 Affirmed.